DEPARTMENT OF HEALTH OF THE STATE OF NEW JERSEY, RESPONDENT, v. HIRSCH MONHEIT, PROSECUTOR.

Argued June 6, 1917—Decided June 19, 1917.

In an action to recover a penalty for violating the provisions of the Pure Food law (*Pamph. L.* 1915, *p.* 665, § 1) commenced in the small cause court, the Court of Common Pleas of the county in which the action is brought has jurisdiction to hear the case on appeal.

On *certiorari.*

Before Justices SWAYZE, BERGEN and BLACK.

For the respondent, *Josiah Stryker* and *John W. Wescott,* attorney-general.

For the prosecutor, *Alvord & Tuso.*

The opinion of the court was delivered by

BLACK, J. The question to be decided in this case is the jurisdiction of the Common Pleas Court to hear a case on appeal, in a suit brought in the small cause court, before a justice of the peace, to recover a penalty for a violation of the pure food statute. The defendant was charged with the vio-

lation of section 1 of the supplement (*Pamph. L.* 1915, *p.* 665) to the Pure Food act. *Rev., Pamph. L.* 1907, *p.* 485. He was found not guilty by a jury in the small cause court. The department of health appealed from the decision to the Court of Common Pleas, in the county of Cumberland. That court found the defendant guilty and imposed a penalty of fifty ($50) dollars, hence a writ of *certiorari* was allowed, which draws in question the jurisdiction of the Court of Common Pleas. The grounds of attack are, that the suit should have been commenced before the justice of the peace, sitting as a magistrate, and that, by the original Pure Food act (*Pamph. L.* 1901, *p.* 186, § 16), parties aggrieved may appeal to the Circuit Court of the county, wherein said action is had. Manifestly, this view of the prosecutor is untenable, as is clearly demonstrated by the following provisions in the statute law of the state. Thus, the Revised Pure Food act, above cited (*Pamph. L.* 1907, *p.* 485, § 40; *Comp. Stat., p.* 2574, § 40), provides "any and all penalties prescribed by any of the provisions of this act shall be recovered in an action of debt. * * * The pleadings shall conform, in all respects, to the practice prevailing in the court in which any such action shall be instituted." And in the supplement above cited (*Pamph. L.* 1915, *p.* 665, § 5), the statute under which the action in this case was brought, it is provided: "Such penalties may be sued for and recovered by the same boards and officials, and in the same manner, as provided for the recovery of penalties in the act to which this act is a supplement." The act speaks of a court, the only court, which a justice of the peace is empowered to hold is the small cause court; by the Small Cause Court act (*Pamph. L.* 1903, *p.* 251, § 80, as amended *Pamph. L.* 1904, *p.* 72, §: 80) it is further provided that from any judgment which may be obtained in those courts, except such as may be given by confession, an appeal is given to the Court of Common Pleas of the county.

The case of *Harman* v. *Board of Pharmacy*, 67 *N. J. L.* 117, however, is decisive of this case; there the prosecutor was convicted of violating the Pharmacy act; the suit was to

recover a penalty under the act; as in this case, the same point was there made that the suit should have been commenced before a justice of the peace sitting as a magistrate and not in the small cause court; that case held the action was properly commenced in the small cause court.

We therefore conclude that the Court of Common Pleas had jurisdiction to hear the case on appeal. The judgment of that court was regular. The rules applying to summary convictions have no application; it is not necessary that the evidence in the court be set out or the procedure conform to the rules governing summary convictions.

The judgment of the Common Pleas Court of Cumberland county is affirmed, with costs.